

**SO ORDERED.**

**SIGNED this 22 day of May, 2006.**

_____
A. Thomas Small
United States Bankruptcy Judge

_____

```
            UNITED STATES BANKRUPTCY COURT
            EASTERN DISTRICT OF NORTH CAROLINA
                   FAYETTEVILLE DIVISION

IN RE:                                    CASE NO.

JAMES DANIEL MELVIN, JR.                  05-02621-8-ATS

      DEBTOR

JANE HARRIS MELVIN                        05-10333-8-ATS

      DEBTOR
```

**ORDER DETERMINING DEBTORS ARE INELIGIBLE FOR CHAPTER 13 AND ESTABLISHING TIME IN WHICH TO CONVERT CASES**

The matters before the court are the motions filed by John S. Hair, Sr. to dismiss these chapter 13 cases. A hearing took place in Fayetteville, North Carolina on May 18, 2006.

James Daniel Melvin, Jr. filed a petition for relief under chapter 7 of the Bankruptcy Code on April 1, 2005, and his case was converted to chapter 13 on February 21, 2006. Jane Harris Melvin filed a petition for relief under chapter 13 of the Bankruptcy Code on October 15, 2005. Dr. Hair contends that neither debtor is eligible to be a debtor under chapter 13, as they both owe debts in excess of the limits established by 11 U.S.C. § 109(e).

On November 19, 2004, a judgment was entered in favor of Dr. Hair against Mr. and Mrs. Melvin, jointly and severally, by the

North Carolina Superior Court in Cumberland County in the amount of $2,781,255.41 plus interest and $139,067.77 in attorney's fees. Prior to filing their bankruptcy petitions, the Melvins appealed the judgment. Both Mr. and Mrs. Melvin listed the debt in the amount of $3,281,999.38 in their bankruptcy schedules, with Mr. Melvin indicating that the debt was contingent, disputed, and unliquidated, while Mrs. Melvin indicated that the debt was contingent and disputed. Their Statements of Financial Affairs further noted that the judgment was on appeal. On February 7, 2006, the judgment was affirmed by the North Carolina Court of Appeals, and the North Carolina Supreme Court denied discretionary review on April 10, 2006.

Section 109(e) provides, in relevant part, that

> [o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 . . . may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e). Clearly the debt owed to Dr. Hair exceeds the limits of § 109(e), but the Melvins contend that because the judgment was on appeal on the petition date, it was not noncontingent and should not be included in the calculation of debt.[1]

Generally speaking, whether a claim is contingent depends upon "the nature or origin of liability. More precisely, it relates to

---

[1] The appeal was pending both on the date Mr. Melvin filed his chapter 7 petition and on the date his case was converted to chapter 13, so the result is not dependent upon whether the initial petition date or the conversion date is considered.

2

the time or circumstances under which the liability arises. In this connection liability does not mean the same as judgment or remedy, but only a condition of being obligated to answer for a claim." In re Knight, 55 F.3d 231, 236 (7th Cir. 1995), quoted in In re Mazzeo, 131 F.3d 295, 303 (2nd Cir. 1997). "Distilled to their essence, the gist of the cases establish that a debt is noncontingent if all of the events necessary to give rise to liability for it take place prior to the filing of the petition." In re Knowles, Case No. 05-06402-8-ATS (Bankr. E.D.N.C. Oct. 31, 2005).

In this case, the actions giving rise to liability all occurred prepetition. The existence of the appeal on the petition date meant only that the debt was, at that time, "disputed," not that it was "contingent." "[T]he disputed status of a claim that is otherwise noncontingent and liquidated is not a basis to exclude it from the § 109(e) jurisdictional calculation." In re Tabor, 232 B.R. 85, 89 (Bankr. N.D. Ohio 1999); see also Craig Corp. v. Albano (In re Albano), 55 B.R. 363 (N.D. Ill. 1985) (holding judgment debt is noncontingent: pendency of appeal does not suspend operation of an otherwise final judgment).

Well-settled law establishes that the Melvins' judgment debt was not contingent or unliquidated on the dates the petitions were filed, and neither debtor is eligible for chapter 13 relief. The debtors may convert their cases to either chapter 7 or chapter 11 within 15 days of the date of this order, failing which Mr.

Melvin's case will be re-converted to chapter 7 and Mrs. Melvin's case will be dismissed.

    **SO ORDERED.**

**END OF DOCUMENT**